## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GREGORY COLE, on Behalf of Himself and all
others Similarly Situated,

                                    Plaintiffs,

v.

MARATHON OIL CORPORATION
and MARATHON PETROLUEM CORPORATION,
                                    Defendants.

Case No. 2:16-cv-10642

Hon.

## CLASS ACTION COMPLAINT AND JURY DEMAND

COMES NOW plaintiff Gregory Cole ("Plaintiffs" or "plaintiffs"), by and through their undersigned attorneys, to obtain damages, both compensatory and punitive, injunctive relief and costs of suit from the named Defendants, and complain and allege, in this Class Action Complaint, as follows:

### I.        INTRODUCTION

1.        This is a Civil Action to secure redress from the Defendants for damages suffered by members of the putative Class defined below (the "Class Members") as a result of the Defendants' wrongful emission, release, and discharge of sulfur dioxide, hydrogen sulfide, benzene, toluene, methyl ethyl ketone (MEK), volatile organic compounds (VOCs), carbon monoxide, particulate matter and toxic and hazardous substances ("Refinery Contaminants") from their southwest Detroit Refinery located at 1300 S. Fort Street, Detroit, Michigan, 48217 (the "Detroit Refinery").

2.      Plaintiffs, the Class Members and/or their properties have been exposed to toxic and hazardous substances, particulate matter, vapors, soot, dust and other airborne matter released as a result of Defendants' conduct in operating their Detroit Refinery.  Plaintiffs have also been subjected to unreasonable odors, noise, vapors and fumes as a result of Defendants' conduct in operating their Detroit Refinery.

3.      Refinery Contaminants have been linked to asthma, cancer, lung disease, nervous system harm, blindness and other serious illness.

4.      Defendants' operations at their Detroit Refinery resulted and continue to result in the release of airborne matter that scatters so that persons and properties in the Class Area are exposed, and continue to be exposed, to toxic and hazardous materials, including Refinery Contaminants, noise, odors, vapors and fumes. Plaintiffs, the Class Members and their properties and the air thereupon, have been contaminated with sulfur dioxide, hydrogen sulfide, benzene, toluene, methyl ethyl ketone, volatile organic compounds, carbon monoxide, particulate matter and other toxic and hazardous substances resulting from Defendants' operations at the Detroit Refinery.

5.      The Refinery Contaminants have been and continue to be a source of hazardous substance emissions into, onto, within and surrounding properties and persons in the Class Area. The waste contains, and has continuously released into the Class Area, a variety of hazardous substances.

6.      The ongoing release of Refinery Contaminants resulting from Defendants' continuing and ongoing operations at the Detroit Refinery, as well as noise, odors, vapors and fumes, has impacted plaintiffs' and the Class Members' properties, is a blight on plaintiffs' and

2

the Class Members' community and deprives plaintiffs and the Class Members of their free use and enjoyment of their property.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d). The amount in controversy exceeds $5,000,000; the Class comprises at least 100 plaintiffs, and at least one member of the putative Class of plaintiffs is a citizen of a state different from a defendant.

8.      Venue is appropriate in the Eastern District of Michigan because the acts which give rise to this Complaint occurred and continue within the District.

## II.      PARTIES

**Plaintiffs**

9.      Plaintiffs own or owned residential properties in southwest Detroit, within the parameters of the Class Area set forth below.

10.      Plaintiff Gregory Cole is a resident of southwest Detroit, Michigan.  Plaintiff Gregory Cole owns residential property located within the Class Area in Detroit, Michigan.  As a result of Defendants' continuing and ongoing acts or omissions, Refinery Contaminants and other hazardous substances have entered into and onto his property, have contaminated his property, air, land, dwelling and surrounding environment, thereby causing Gregory Cole to suffer damage to his property and personal finance, loss of the use and enjoyment of his property, significant annoyance and inconvenience, and destruction of his community.

11.      As a result of Defendants' acts and/or omissions, Gregory Cole has been subjected to noise, odors, vapors and fumes on his property and surrounding environment, thereby causing Gregory Cole to suffer damage to his property and personal finance, loss of the

use and enjoyment of his property; significant annoyance and inconvenience; and destruction of his community. As a result of Defendants' acts and/or omissions, Refinery Contaminants, noise, odors, vapors and fumes have unreasonably interfered with Gregory Cole's exclusive use and enjoyment of his property causing significant harm to Gregory Cole.

**Defendants**

12. Defendant Marathon Oil Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 5555 San Felipe Street, Houston, Texas, 77056.

13. Defendant Marathon Petroleum Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 539 South Main Street, Findlay, Ohio, 45840.

14. Through their wrongful acts and omissions, including the emission, release, discharge and failure to properly control, curb, contain and remediate Refinery Contaminants, noise, odors, vapors and fumes at and emanating from their Detroit Refinery, Defendants have caused, and continue to cause, Refinery Contaminants, noise, odors, vapors and fumes to enter onto plaintiffs' and the Class Members' properties, have contaminated their property, air, land, dwelling and surrounding environment, and thereby caused plaintiffs and the Class Members to suffer damage to their property and personal finance, loss of the use and enjoyment of their property and destruction of their community. As a result of Defendants' continuous and ongoing acts and omissions, Refinery Contaminants, noise, odors, vapors and fumes have unreasonably interfered with plaintiffs' and the Class Members' exclusive use and enjoyment of their property, causing significant harm to plaintiffs and the Class Members.

15.     Defendants have failed, and continue to fail, to prevent the Refinery Contaminants, noise, odors, vapors and fumes which were created, emitted, released and discharged from their Detroit Refinery, from being used in a manner that resulted in harm, or threatened harm, to the health, safety, and welfare of Plaintiffs as well as Plaintiffs' use and enjoyment of their properties.

### III.     FACTUAL ALLEGATIONS

16.     Plaintiff Cole, Class Members, and their properties have been, and continue to be, exposed to Refinery Contaminants, hazardous substances, noise, odors, vapors and fumes released as a result of Defendants' ongoing and continuing conduct in operating their Detroit Refinery.

17.     Defendants' Detroit Refinery operations include crude distillation, catalytic cracking, hydrotreating, reforming, alkylation, sulfur recovery and coking to produce gasoline, distillates, asphalt, fuel-grade coke, chemical-grade propylene, propane, slurry and sulfur.

18.     Defendants' Detroit Refinery processes rely, in part, on tar sands, which are considered among the dirtiest fuel sources. Tar sands (also referred to as oil sands) are a combination of clay, sand, water, and bitumen, a heavy black viscous oil.

19.     Defendants' Detroit Refinery operations result in the generation, creation, release, emission and discharge of Refinery Contaminants, hazardous substances, noise, odors, vapors, soot, dirt and fumes.

20.     These Refinery Contaminants, wastes, hazardous substances, noise, odors, vapors, soot and fumes became airborne or otherwise scattered and travel through the air, environment and subsurface so that persons and properties in the Class Area, as set forth below, were and are

exposed to hazardous materials, Refinery Contaminants, wastes, hazardous substances, noise, odors, vapors, soot and fumes.

21.     Plaintiffs, the Class Members and their properties have been contaminated with toxic and hazardous substances released from Defendants' Detroit Refinery.

22.     The waste materials have been and continue to be a source of hazardous substance emissions onto, within and surrounding properties and persons in the Class Area.  The waste contains and has continuously released into the Class Area a variety of toxic, hazardous and carcinogenic substances.

23.     Wind, erosion, waterborne and other airborne releases of the Refinery Contaminants, wastes, vapors, soot, dirt and fumes have caused these sometimes hidden hazardous substances to spread within the Class Area.  The hazardous substances were and are transported by wind, water and other natural and human processes onto and into plaintiffs' and the Class Members' homes, property and persons.

24.     Plaintiffs Cole and the Class Members seek redress and damages for economic losses, such as loss of property value and the interference with the use and enjoyment of their property; compensatory damages; the cessation of all releases of Refinery Contaminants into the Class Area; noise abatement; odor abatement; the prompt testing, identification, excavation and removal of all Refinery Contaminants from plaintiffs' and the Class Members' properties; punitive damages; interest; costs of suit and other damages as the result of the carelessness, recklessness, negligence and willful and wanton violation of law by the Defendants.

25.     Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to Refinery Contaminants and wastes, handled, stored, generated, processed, released, discharged and emitted Refinery Contaminants, wastes,

6

wastewaters, particulate matter, vapors, dust, soot and fumes throughout the Class Area, while failing to warn residents of the dangers such activities posed.

26.     Defendants, despite their knowledge of the serious health and environmental effects associated with Refinery Contaminants, and despite their knowledge of the impacts of Refinery Contaminants, wastes, noise, odors, vapors, soot, dust and fumes from their Detroit Refinery on plaintiffs and the Class Members, failed to abate the release, discharge and emission of Refinery Contaminants, wastes, wastewaters, noise, odors, vapors, soot, dust and fumes.

## IV.    CLASS ALLEGATIONS

27.     This Class Action is being filed by the Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and others similarly situated.

28.     Plaintiffs seek to certify the following class, defined as:

All persons who, as of February 22, 2016, own or owned any real property identified as Residential Property located within the area identified on the attached map. The Class Area is generally bounded by Edsel Street and South Patricia Street to the West; Pleasant Street to the North; Bassett Street to the East and Schaefer Highway to the South. The Class includes properties located on both sides of the boundary streets contained in the class definition.

29.     To the extent revealed by discovery and investigation, there may be additional appropriate classes and/or subclasses from the above class definitions which are broader and/or narrower in time or scope of exposure.

30.     Excluded from the class are Defendants' officers, directors, agents, employees and members of their immediate families; and the judicial officers to whom this case is assigned, their staff, and the members of their immediate families.

31.     Excluded from the class are any local, state, or federal government entities.

32.     Members of the Class and/or their property have been exposed to and continue to be exposed to toxic and hazardous substances, Refinery Contaminants, wastes, noise, odors, vapors, soot, dust and fumes released from Defendants' Detroit Refinery.

33.     This Court may maintain these claims as a Class Action pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4).

34.     Numerosity – Fed. R. Civ. P. 23(a)(1): The members of the Class are so numerous that joinder of all members is impractical.

35.     The number of properties located within the Class Area exceeds 100, and, therefore, the number of members of the Class likely also exceeds 100 people, in satisfaction of Fed. R. Civ. P. 23 (a)(1).

36.     Commonality – Fed. R. Civ. P. 23(a)(2): There are common questions of law and fact that affect the rights of every member of the Class, and the types of relief sought are common to every member of the Class.  The same conduct by Defendants has injured or will injure every member of the Class.  Common questions of law and/or fact common to the Class include, but are not limited to:

    a.     Whether Defendants, through their acts or omissions, proximately caused Refinery Contaminants to be deposited in the Class Area;

    b.     Whether Defendants, through their acts or omissions, proximately caused fumes, vapors, odors, dust and soot to be released into the Class Area;

    c.     Whether Defendants were negligent in their emission, release, discharge and/or failure to remediate or otherwise abate Refinery Contaminants, fumes, vapors, odors, dust and soot;

    d.     Whether Defendants' release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot onto plaintiffs' and Class Members' properties, or their failure to remove or abate Refinery Contaminants, fumes, vapors, odors, dust and soot from plaintiffs' and Class Members' properties constitutes a private nuisance;

8

e.    Whether Defendants' release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot onto plaintiffs' and Class Members' properties, or their failure to remove or abate Refinery Contaminants from plaintiffs' and Class Members' properties constitutes a trespass;

f.    Whether Defendants proximately caused Refinery Contaminants, fumes, vapors, odors, dust and soot to be released, emitted or discharged into the environment, where plaintiffs' and Class Members' properties have been exposed to such releases;

g.    Whether Defendants violated applicable standards concerning production, handling, storing, transporting, using, disposing and/or failure to properly control the release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot.

37.    These questions of law and/or fact are common to the Class predominate over any questions affecting only individual Class Members in satisfaction of Fed. R. Civ .P. 23 (b)(3).

38.    Typicality – Fed. R. Civ .P. 23 (a)(3): Plaintiff Cole's claims are typical of the claims of the Class she seeks to represent, as required by Fed. R. Civ. P. 23(a)(3), in that all claims are based upon the same factual and legal theories and the same course of conduct by Defendants.  It is the same conduct by Defendants that has injured every member of the Class. The principal issue in this matter involves Defendants' conduct in wrongfully emitting, releasing, discharging, handling, storing, transporting, processing, disposing, and/or failing to remediate or abate Refinery Contaminants, fumes, vapors, odors, dust and soot at and emanating from their Detroit refinery, which impacts all Members of the Class.

39.    Adequacy – Fed. R. Civ. P. 23(a)(4): Plaintiff Cole will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Plaintiffs have retained counsel with substantial experience in the prosecution of environmental class actions and complex environmental litigation.  Plaintiffs and their counsel are committed to

vigorously prosecuting this action on behalf of the Class, and they have the financial resources to do so.  Neither these Plaintiffs nor counsel has any interest adverse to those of the Class.

40.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the Class would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

41.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all Members of the Class, thereby making relief in the form of an injunction requiring Defendants to abate the nuisance and for the prompt investigation, testing, excavation and removal of all Refinery Contaminants, from the properties of plaintiffs and the Members of the Class and the abatement of all odors, fumes, vapors, dust and soot appropriate.

42.     Plaintiffs and the Class Members have suffered, and will continue to suffer, harm and damages as a result of defendant's unlawful and wrongful conduct.

43.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23 (b)(3). Absent a class action, most members of the Class likely would find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law. The Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

44.     Class certification is also appropriate because this Court can designate particular claims or issues for class-wide treatment and may designate one or more subclasses pursuant to Fed. R. Civ. P. 23(c)(4).

45.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each Member of the Class who has suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Members of the Class.

46.     No unusual difficulties are likely to be encountered in the management of this action as a class action.

47.     Neither Plaintiffs nor the Class Members were in any way responsible for the release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot from Defendants' Detroit Refinery.

## V.  COUNTS

### COUNT I
### Private Nuisance

48.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as if set forth in full herein.

49.     Defendants' past, present and/or continuing and ongoing acts and/or omissions constitute a continuing private nuisance in that Defendants used and/or continue to use their property in a manner that has resulted in an unreasonable impact and burden on plaintiffs and the Class Members in the form of significant personal harm, inconvenience, serious annoyance, discomfort, and fear of adverse health effects incidental to Defendants' Detroit Refinery

11

operations, associated noise, dust, dirt, soot, odors, fumes, vapors and the emission, discharge and release of Refinery Contaminants.

50.     Defendants' past, present and/or continuing activities, acts and/or omissions at their Detroit Refinery constitute a continuing private nuisance resulting in interference with the Class Members' right to the exclusive use and enjoyment of their properties through the invasion of hazardous and toxic substances contaminating their properties and the surrounding environment, thereby exposing Class Members to hazardous and toxic substances and substantially interfering with Class Members' free use and enjoyment of their properties.

51.     The hazardous and toxic substances, Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors continue to contaminate plaintiffs' and the Class Members' properties and the surrounding environment, thereby exposing plaintiffs and the Class Members to the hazardous and toxic substances and subjecting them to odors and noise.

52.     Defendants' past, present and/or continuing acts and/or omissions, resulting in the depositing into, onto, and around and/or failure to remove or properly dispose of refinery Contaminants and allowing Refinery Contaminants to remain on, Class Members' properties, surrounding environment and community constitutes a private nuisance in that Defendants have used their property in a manner that has unreasonably interfered with Class Members' property interests, health and safety.

53.     This interference with plaintiffs' and the Class Members' use and enjoyment of their property has and continues to result in a significant harm.

54.     As a result of Defendants' acts and omissions, plaintiffs and the Class Members have suffered exposure to Refinery Contaminants, hazardous substances, noise, odors, vapors,

fumes, dirt, soot, dust, annoyance, displacement, and economic loss for which damages are justified.

55.     As a direct and proximate result of Defendants' misconduct as set forth herein, plaintiffs and Class Members have suffered and continue to suffer economic losses, such as the loss of value to their property; loss of use and enjoyment of their property; significant annoyance and inconvenience; the destruction of their community and other damages.

56.     The private nuisance that Defendants created is a continuing nuisance in that it has continued and remains unabated.

57.     Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to Refinery Contaminants, hazardous substances, noise, odors, vapors, fumes, dirt, soot and dust and despite orders and warnings from health and environmental regulators and members of the community, masked the true extent of the contamination, thereby enabling the Defendants to avoid taking all appropriate steps to eliminate, reduce and properly remediate Refinery Contaminants, hazardous substances, noise, odors, vapors, fumes, dirt, soot and dust released into the Class Area or to mitigate dangers created by their release, discharge and emission.

58.     Separate and apart from acting negligently, at all relevant times Defendants caused injury and damages to plaintiffs and the Members of the Class, and/or their property, through acts and omissions actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

**WHEREFORE**, Plaintiff Cole demands judgment against Defendants for compensatory damages; the cessation of all releases of Refinery Contaminants into the Class Area; noise abatement; odor abatement; the prompt testing, identification, excavation and

13

removal of all Refinery Contaminants from Plaintiffs' and the Class Members' properties; punitive damages; interest; costs of suit as provided for by law; and such other relief as the Court may deem just and proper.

### COUNT II
### Strict Liability

59.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

60.    Defendants, by releasing, emitting, discharging and dispersing Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors into the Class Area and by failing to properly remediate and allowing those contaminants and pollutants to remain in the environment, and/or concealing knowledge of same, have engaged in abnormally dangerous, ultrahazardous, and inherently or intrinsically dangerous activities for which they are strictly liable to the Class Members.

61.    Defendants' activities pose a high degree of risk of harm to the Class Members. The likelihood that the harm that results from the Defendants' activities will be great is based on the fact that Defendants' Refinery Contaminants contain sulfur dioxide, hydrogen sulfide, benzene, toluene, methyl ethyl ketone, volatile organic compounds, carbon monoxide, particulate matter and toxic and hazardous substances that have been linked to asthma, cancer, lung disease, nervous system harm, blindness and other serious illness; and that Defendants' activities continues to cause airborne pollution at levels higher than safe and healthy limits.

62.    The risks posed by Defendants' release of Refinery Contaminants in a densely populated urban area cannot be eliminated by the exercise of reasonable care, and no safe way exists to release Refinery Contaminants into such a densely populated urban area in the manner Defendants are doing so.    There is no safe way to emit, release and discharge Refinery

14

Contaminants in the Class Area, which is located in a densely-populated urban area, given the capacity of Refinery Contaminants to cause asthma, cancer, lung disease, nervous system harm, blindness and other serious illness and adverse health effects in humans.  The serious health and environmental risks posed by the Refinery Contaminants Defendants emitted, discharged, released and disposed of in such a densely populated urban area could not have been eliminated by the exercise of reasonable care on the part of Defendants.

63.     Defendants' emission, release and discharge of Refinery Contaminants is neither a matter of common usage nor appropriate to the place where it is carried out.  Defendants' failure to properly remediate Refinery Contaminants which they emitted, discharged, released and disposed of in the Class Area was neither a matter of common usage nor appropriate to the place where it was carried out.

64.     The disposal of dangerous toxic waste into the environment is a critical societal problem in southwest Detroit, and thus, the value of such disposal activities, if any, is substantially outweighed by the serious health and environmental problems caused by them.

65.     Separate and apart from acting negligently, at all relevant times Defendants caused injury and damages to plaintiffs and the Members of the Class, and/or their property, through acts and omissions actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

66.     As a direct and proximate result of Defendants' misconduct as set forth herein, plaintiffs and the Class Members have suffered and continue to suffer economic losses, such as the loss of value to their property; loss of use and enjoyment of their property; significant annoyance and inconvenience; the destruction of their community and other damages.

15

**WHEREFORE**, Plaintiff Cole demands judgment against Defendants for compensatory damages; the cessation of all releases of Refinery Contaminants into the Class Area; noise abatement; odor abatement; the prompt testing, identification, excavation and removal of all Refinery Contaminants from Plaintiffs' and the Class Members' properties; punitive damages; interest; costs of suit as provided for by law; and such other relief as the Court may deem just and proper.

### COUNT III
### Negligence

67.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

68.     Defendants owed a duty of care to plaintiffs and the Class Members in their emission, release and discharge of Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors in the Class Area.

69.     Defendants breached this duty by emitting, releasing and discharging Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors in the Class Area and by allowing such substances and noise to spread on, into, under and around Class Members' properties; failing to adequately control and contain such substances and noise; failing to adequately warn Class Members of the nature and extent of such substances and noise; failing to warn Class Members that such substances and noise would migrate onto Class Members' persons and/or properties and failing to properly remediate or abate Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors in the Class Area.

70.     As a result of Defendants' acts and omissions, as aforesaid, extensive contamination consisting of Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors have been documented in the Class Area.

16

71.     At all relevant times, Defendants knew or should have known that the hazardous and toxic substances, Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors would eventually enter plaintiffs' and Class Members' persons, properties, air, and surrounding environment.

72.     Plaintiffs and the Class Members, and their properties, have been exposed to Refinery Contaminants, noise, odors, vapors and fumes, and other hazardous materials due to Defendants' negligence in the operation of their Detroit Refinery and their wrongful emission, release, and discharge and/or failure to properly remediate hazardous substances.

73.     At all relevant times, Defendants failed to safely and properly remove, dispose and abate the aforementioned Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors and failed to advise or warn plaintiffs and Class Members of the dangers associated with same.

74.     Defendants failed to use reasonable care to safeguard those residing in the Class Area and the surrounding environment from injury, significant annoyance, inconvenience or property damage.

75.     Separate and apart from acting negligently, at all relevant times Defendants caused injury and damages to plaintiffs and the Members of the Class, and/or their property, through acts and omissions actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

76.     As a direct and proximate result of Defendants' misconduct as set forth herein, plaintiffs and Class Members have suffered and continue to suffer economic losses, such as the loss of value to their property; loss of use and enjoyment of their property; significant annoyance and inconvenience; the destruction of their community and other damages.

17

**WHEREFORE**, Plaintiff Cole demands judgment against Defendants for compensatory damages; the cessation of all releases of Refinery Contaminants into the Class Area; noise abatement; odor abatement; the prompt testing, identification, excavation and removal of all Refinery Contaminants from Plaintiffs' and the Class Members' properties; punitive damages; interest; costs of suit as provided for by law; and such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs request that the Court enter an order or judgment against Defendants as follows:

A.    Enter an Order pursuant to Fed. R. Civ. P. 23 permitting this action to be maintained as a class action, appointing plaintiff Gregory Cole as the representative of the Class and appointing plaintiffs' counsel as counsel for the Class;

B.    Enter judgment in favor of Plaintiff Cole and the Members of the Class against Defendants for loss of property value, and for all other relief, in an amount to be proven at trial, as to which they may be entitled, including interest, expert fees and costs of this suit;

C.    Enter an injunction requiring Defendants to cease all releases of Refinery Contaminants into the Class Area; implement noise abatement procedures; implement odor abatement procedures; conduct the prompt testing, identification, excavation and removal of all Refinery Contaminants from plaintiffs' and the Class Members' properties;

D.    Award prejudgment and post-judgment interest as provided by law;

E.    Award punitive damages; and

F.    Such other relief as this Court deems necessary, just and proper.

Plaintiffs demand a trial by jury as to all claims so triable in this action.

Dated: February 22, 2016

By:        /s/ Alyson Oliver_____
              Alyson Oliver (P55020)
              **OLIVER LAW GROUP P.C.**
              363 W Big Beaver Rd #200
              Troy, MI 48084
              Telephone: (248) 455-6113
              E-mail: Notifications@oliverlg.com

**SUGAR LAW CENTER**
**FOR ECONOMIC AND SOCIAL JUSTICE**
Rashida Tlaib, Esq.
Tony Paris, Esq.
John Philo, Esq.
4605 Cass Ave., Second Floor
Detroit, Michigan 48201
Telephone (313) 993-4505

**NIDEL LAW PLLC**
Christopher T. Nidel, Esq. (*pro hac vice* admission to be applied for)
1615 New Hampshire Ave., NW
Washington, DC 20009
Telephone: (202) 558-2030

**GERMAN RUBENSTEIN LLP**
Steven J. German, Esq. (*pro hac vice* admission to be applied for)
Joel M. Rubenstein, Esq. (*pro hac vice* admission to be applied for)
19 West 44th Street, Suite 1500
New York, NY 10036
Telephone: (212) 704-2020
Facsimile : (212) 490-4800

**MIGLIACCIO LAW FIRM PLLC**
Nicholas A. Migliaccio, Esq. (*pro hac vice* admission to be applied for)
438 16th Street, SE
Washington, DC 20003
Telephone: (202) 470-3520