# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 26, 2017

Mr. Steven J. German
German Rubenstein
19 W. 44th Street
Suite 1500
New York, NY 10036

Ms. Amy M. Johnston
Miller Canfield Paddock & Stone
150 W. Jefferson Avenue
Suite 2500
Detroit, MI 48226

Re: Case No. 16-2660, *Gregory Cole, et al v. Marathon Oil Corporation, et al*
Originating Case No. : 2:16-cv-10642

Dear Counsel:

The Court issued the enclosed Opinion today in this case.

Sincerely yours,

s/Jeanine R. Hance
Case Manager
Direct Dial No. 513-564-7037

cc: Mr. Nicholas A. Migliaccio
Mr. Christopher Nidel
Ms. Alyson Oliver
Mr. Michael Christopher Simoni
Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0590n.06

Case No. 16-2660

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 26, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GREGORY COLE; ANNIE SHIELDS, ) | |
| ) | |
|    Plaintiffs-Appellants, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| MARATHON OIL CORPORATION; ) | MICHIGAN |
| MARATHON PETROLEUM ) | |
| CORPORATION; MARATHON ) | |
| PETROLEUM COMPANY LP, ) | |
| ) | |
|    Defendants-Appellees. ) | |

BEFORE: COOK, KETHLEDGE, and DONALD, Circuit Judges.

PER CURIAM. This case arises from Marathon Petroleum Company's operation of an oil refinery in Detroit, Michigan. Plaintiffs, residents living near the refinery, sued Marathon, alleging that the refinery's discharge of noxious pollutants contaminated their property and constituted a private nuisance. The district court dismissed Plaintiffs' case on statute-of-limitations grounds. We reverse and remand.

**I.**

Marathon has continuously operated an oil refinery in southwest Detroit since the 1930s. The refinery's "operations include crude distillation, catalytic cracking, hydrotreating, reforming, alkylation, sulfur recovery and coking to produce gasoline, distillates, asphalt, fuel-grade coke,

Case No. 16-2660
*Cole, et al. v. Marathon Oil Corporation, et al.*

chemical-grade propylene, propane, slurry and sulfur." According to Plaintiffs, these manufacturing processes "result in the generation, creation, release, emission and discharge of Refinery Contaminants, hazardous substances, noise, odors, vapors, soot, dirt and fumes."

Seeking to represent a class of similarly situated neighbors, Plaintiffs sued Marathon on February 22, 2016, asserting claims sounding in nuisance and negligence (they filed an amended complaint on March 8, 2016).[1] In particular, Plaintiffs allege that their "properties have been contaminated with toxic and hazardous substances released from Defendants' Detroit Refinery," that the "Refinery Contaminants have been linked to asthma, cancer, lung disease, nervous system harm, blindness and other serious illness," and that noxious odors and loud noises emanating from the refinery interfere with their property use.

Marathon moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiffs failed to allege sufficient facts to support their nuisance and negligence claims, and that Michigan's three-year statute of limitations foreclosed recovery. According to Marathon, Plaintiffs' alleged injuries first occurred more than three years before Plaintiffs filed suit: "Plaintiffs do not plead any facts from which the Court can infer that their alleged injuries first occurred less than three years ago." Plaintiffs countered that "Marathon's 'present,' 'continuing' and 'ongoing acts' give rise to [their] claims."

The district court declined to address the parties' sufficiency-of-the-pleadings arguments, instead dismissing the nuisance and negligence claims as time-barred. Plaintiffs appealed.

---

[1] The complaint also included a strict-liability claim, which the district court dismissed because "it is not a viable claim under Michigan law." Plaintiffs decline to challenge that ruling on appeal.

- 2 -

Case No. 16-2660
*Cole, et al. v. Marathon Oil Corporation, et al.*

## II.

Michigan's statute of limitations for private nuisance and negligence claims requires filing within three years "after the claim first accrued to the plaintiff." Mich. Comp. Laws §§ 600.5805(1), (10). The claim accrues "when both the last [wrongful] conduct and first, subsequent corresponding injury occured." *Marilyn Froling Revocable Living Tr. v. Bloomfield Hills Country Club*, 769 N.W.2d 234, 250 (Mich. Ct. App. 2009). Seeking dismissal of Plaintiffs' claims, Marathon argued that Michigan's statute of limitations barred Plaintiffs' nuisance and negligence claims, and the district court agreed. We review de novo a district court's determination that a plaintiff filed a complaint outside of the applicable limitations period. *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999).

In granting Defendants' motion to dismiss, the court emphasized that "Plaintiffs fail to identify *when* their nuisance claim first accrued" or "a single date in which the act (*i.e.* Defendants' operation of its refinery) and Plaintiffs' incidental injuries first occurred." As the court put it, "Plaintiffs do not allege any facts from which the [c]ourt can infer that the alleged injuries *first* occurred less than three years ago. Instead, the [c]ourt is left to speculate as to when the period of limitations began to run." And although the complaint alleged that Marathon continued to pollute within the limitations period, the court reasoned that the complaint "wholly lacks facts showing that the alleged nuisance (*i.e.* Defendants' operation of its refinery) is any different than it was outside of the limitations period."

The district court erred when it concluded that all of Plaintiffs' claims accrued at the first incident of Marathon's allegedly wrongful conduct, even though the conduct and resultant harm continue to the present day. Under Michigan's statute-of-limitations law, "each alleged violation . . . [is] a separate claim with a separate time of accrual." *Dep't of Envtl. Quality v. Gomez*, 896

- 3 -

Case No. 16-2660
*Cole, et al. v. Marathon Oil Corporation, et al.*

N.W.2d 39, 53 (Mich. Ct. App. 2016). Marathon's alleged wrongful conduct is the "generation, creation, release, emission and discharge of Refinery Contaminants." Thus, each discharge is a violation giving rise to a separate claim. *Id.*; *Garg v. Macomb Cty. Cmty. Mental Health Servs.*, 696 N.W.2d 646, 658 (Mich. 2005). Plaintiffs' complaint includes allegations of both past and present wrongful conduct. Any claims for alleged discharges occurring prior to February 22, 2013, which was three years prior to Plaintiffs' complaint, are time-barred. *See* Mich. Comp. Laws § 600.5805(10); *Garg*, 696 N.W.2d at 660. Any claims for discharges occurring after February 22, 2013, are timely. *See Gomez*, 896 N.W.2d at 53 ("[T]hat some of a plaintiff's claims accrued outside the applicable limitations period does not time-bar all the plaintiff's claims."). The district court therefore erred in dismissing the complaint as time-barred.

## III.

For these reasons, we reverse and remand for further proceedings consistent with this opinion.

- 4 -