UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory Cole, *et al.*,

    Plaintiffs,

v.                                   Case No. 16-10642

Marathon Oil Corporation, *et al.*,     Sean F. Cox
                                                          United States District Court Judge

    Defendants.
_____/

**ORDER
DENYING DEFENDANTS' RENEWED MOTION TO DISMISS
AND DENYING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS**

This matter is currently before the Court on: 1) Defendants' Renewed Motion to Dismiss; and 2) Plaintiff's Corrected Motion for an Award of Attorney Fees and Costs in Connection with Defendants' Renewed Motion to Dismiss. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons below, the Court shall DENY both motions.

Seeking to represent a class of similarly situated neighbors, on February 22, 2016, Plaintiff Gregory Cole filed this action against Defendants Marathon Oil Corporation and Marathon Petroleum Corporation.

An Amended Complaint was filed on March 8, 2016, adding Annie Shields as an additional Plaintiff and adding Marathon Petroleum Company LP as a Defendant. That

1

Amended Complaint is the operative complaint in this case. Plaintiffs' Amended Complaint included three counts: "Private Nuisance" (Count I); "Strict Liability" (Count II); and "Negligence" (Count III).

On April 18, 2016, Defendants filed a Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiffs failed to allege sufficient facts to support their nuisance and negligence claims, that Michigan's three-year statute of limitations foreclosed recovery, and that there is no stand-alone claim for strict liability.

In an Opinion & Order issued on October 25, 2016, this Court: 1) dismissed Count II of Plaintiff's Amended Complaint, concluding that a stand-alone strict liability claim is not viable under Michigan law; and 2) dismissed Plaintiff's nuisance and negligence claims as time-barred under the applicable statute of limitations. This Court did not address Defendants' sufficiency-of-the-pleadings arguments.

Plaintiffs filed a direct appeal, challenging the Court's dismissal of the negligence and nuisance claims. Plaintiffs did not challenge the Court's dismissal of Count II, the stand-alone strict liability claim.

In an unpublished opinion issued on October 26, 2017, the United States Court of Appeals for the Sixth Circuit reversed and remanded, ruling that:

> Any claims for alleged discharges occurring prior to February 22, 2013, which was three years prior to Plaintiffs' complaint, are time-barred. See Mich. Comp. Laws § 600.5805(10); *Garg*, 696 N.W.2d at 660. Any claims for discharges occurring after February 22, 2013, are timely. *See Gomez*, 896 N.W.2d at 53 ("[T]hat some of a plaintiff's claims accrued outside the applicable limitations period does not time-bar all the plaintiff's claims."). The district court therefore erred in dismissing the complaint as time-barred."

*Cole v. Marathon Oil Corp*., 2017 WL 4857544 at *2 __ F. App'x __ (6th Cir. October 26,

2017).

The Mandate issued on November 20, 2017. On December 4, 2017, Defendants filed a Renewed Motion to Dismiss (D.E. No. 42), wherein Defendants continue to argue that Plaintiffs' Amended Complaint "contains barely more than the basic legal elements for nuisance and negligence claims" and does not provide sufficient "factual allegations to push their claims from possible to plausible under *Twombly* and *Iqbal*." (*Id*. at 4).

Plaintiffs filed a brief in opposition to the Renewed Motion to Dismiss, along with a motion asking the Court to award them attorney fees and costs, under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11(b), for having to respond to the motion. (D.E. Nos. 46 & 47). In it, Plaintiffs argue:

> The Sixth Circuit has all but ruled on Defendants' Renewed Motion to Dismiss (Doc. No. 42). Judge Kethledge, with the tacit agreement of His Honor's Sixth Circuit Panel, not only declared that Plaintiffs' Amended Complaint meets the pleading requirements of Fed. R. Civ. P. 8, but rejected the very cases and arguments that Marathon now, for a second time, impresses on Your Honor, including *Mourad v. Marathon Petroleum Company, LP*, 2016 WL 3597618 (6th Cir. 2016) and, by extension, *Acosta Orellana v. Croplife Int'l*, 2010 WL 1931689 (D.D.C. 2010), which Marathon relied upon in *Mourad:*
>
>> This is my second case with this plant. In the first one it was really conclusory. * * * They just recite the elements. This one, I mean, apparently, they learned from the last one. Because this one, he's talking about release of odors. Mr. German pointed out. ***It's not just a recitation of the elements.*** Odors, vapors, all this bad stuff. * * * Those things are happening each day.
>
> (emphasis added) Court Audio, 16-2660 *Gregory Cole v. Marathon Oil Corp., et al*, June 15, 2017 (at 20:12-20:40) (Kethledge, J.). Judge Kethledge's first case was *Mourad v. Marathon Petroleum Company, LP,* 2016 WL 3597618 (6th Cir. 2016), in which Marathon was represented by the same counsel as in the instant matter.
> In direct contravention to the unmistakable quote above, and the clear opinions articulated by the Sixth Circuit Panel at oral argument, Marathon filed a Renewed Motion to Dismiss premised on the claim that **"Plaintiff's allegations**

3

> **are not substantively different than listing the base legal elements of a [ ] claim."** Doc. No. 42, p. 7 (emphasis added). Citing these reasons, Plaintiffs declined concurrence on Marathon's renewed Motion and advised Marathon that we would seek fees and costs in connection with this Motion. Pl. Ex. A.

(Pls.' Motion at 6-7).

The Panel that decided the appeal in this case was aware that Defendants' Motion to Dismiss also included sufficiency-of-the-pleadings arguments (*Cole v. Marathon Oil Corp.*, 2017 WL 4857544 at *2), and it is well established that an appellate court reviews do novo a decision granting a motion to dismiss and may affirm on any ground supported by the record, even if it is different than the ground relied on by the district court. *See, e.g., Lawrence v. Chancery Ct. of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). Thus, the panel could have affirmed this Court's dismissal of this case if it concluded that Defendants' sufficiency-of-the-pleadings arguments had merit. It did not do so. Moreover, as Plaintiffs stress in their papers, during oral argument, Judge Kethledge appears to have expressed the view that Plaintiffs' Amended Complaint contains sufficient factual allegations. (*See* Pls.' Motion for Attorney Fees at 6-7). But the panel's per curiam opinion did not reject Defendants' sufficiency-of-the-pleadings arguments.

As such, the Court does not believe that Defendants having filed the instant Renewed Motion to Dismiss is improper or sanctionable conduct.

That said, this Court happens to agree with Judge Kethledge that the Amended Complaint in this action contains sufficient factual allegations to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). This Court concludes that, contrary to Defendants' arguments, Plaintiffs' Amended Complaint states plausible nuisance and negligence claims.

Accordingly, the Court **ORDERS** that Defendants' Renewed Motion to Dismiss and

Plaintiffs' Corrected Motion for An Award of Attorney's Fees and Costs in Connection with Defendants' Renewed Motion to Dismiss are both **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall **APPEAR FOR A SCHEDULING CONFERENCE** in this matter on **February 13, 2018 at 2:30 p.m.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 29, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager