UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY COLE and ANNIE
SHIELDS, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

v.                            Case No.  2:16-cv-10642

MARATHON OIL CORPORATION,    Hon.  Sean F. Cox
MARATHON PETROLEUM
CORPORATION and MARATHON
PETROLEUM COMPANY LP,

        Defendants.

---

**DEFENDANTS' ANSWER TO
AMENDED CLASS ACTION COMPLAINT,
NOTICE OF AFFIRMATIVE, SPECIAL and OTHER DEFENSES,
and CERTIFICATE OF SERVICE**

**ANSWER TO AMENDED CLASS ACTION COMPLAINT**

NOW COME the Defendants, Marathon Oil Corporation, Marathon
Petroleum Corporation, and Marathon Petroleum Company LP (collectively
referred to as "Defendants"), by and through their attorneys, Miller, Canfield,
Paddock and Stone, P.L.C., and in answer to Plaintiffs' Amended Class Action
Complaint ("Amended Complaint") state as follows:

1.      This is a Civil Action to secure redress from the Defendants for
damages suffered by members of the putative Class defined below (the "Class

Members") as a result of the Defendants' wrongful emission, release, and discharge of sulfur dioxide, hydrogen sulfide, benzene, toluene, methyl ethyl ketone (MEK), volatile organic compounds (VOCs), carbon monoxide, particulate matter and toxic and hazardous substances ("Refinery Contaminants") from their southwest Detroit Refinery located at 1300 S. Fort Street, Detroit, Michigan, 48217 (the "Detroit Refinery").

**ANSWER**: Defendants admit that Marathon Petroleum Company LP operates a refinery which has a mailing address of 1300 S. Fort Street in Detroit, Michigan, 48217 (the "Refinery") and that there are emissions released from the Refinery. Defendants deny as untrue that any emissions released from the Refinery were unlawful or wrongful.  Defendants deny as untrue that Plaintiffs suffered any damages that were caused by Defendants and/or for which Defendants may be held liable.  Defendants deny as untrue that Marathon Oil Corporation and/or Marathon Petroleum Corporation operate the Refinery.  Defendants deny as untrue that a class action is appropriate in this case.  Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

2.    Plaintiffs, the Class Members and/or their properties have been exposed to toxic and hazardous substances, particulate matter, vapors, soot, dust and other airborne matter released as a result of Defendants' conduct in operating their Detroit Refinery.  Plaintiffs have also been subjected to unreasonable odors, noise, vapors and fumes as a result of Defendants' conduct in operating their Detroit Refinery.

**ANSWER**: Defendants admit only that Marathon Petroleum Company LP operates the Refinery and that there are emissions released from the Refinery. Defendants deny as untrue that any emissions, odors, noise, vapors and fumes released from the Refinery are unlawful, unreasonable or wrongful.  Defendants deny as untrue that Plaintiffs suffered any damages that were caused by Defendants and/or for which Defendants may be held liable.  Defendants deny as untrue that Marathon Oil Corporation and/or Marathon Petroleum Corporation operate the Refinery.  Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

3.    Refinery Contaminants have been linked to asthma, cancer, lung disease, nervous system harm, blindness and other serious illness.

**ANSWER**: Defendants deny as untrue that any emissions released from the Refinery are "contaminants," unlawful or wrongful.  Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

4.     Defendants' operations at their Detroit Refinery resulted and continue to result in the release of airborne matter that scatters so that persons and properties in the Class Area are exposed, and continue to be exposed, to toxic and hazardous materials, including Refinery Contaminants, noise, odors, vapors and fumes. Plaintiffs, the Class Members and their properties and the air thereupon, have been contaminated with sulfur dioxide, hydrogen sulfide, benzene, toluene, methyl ethyl ketone, volatile organic compounds, carbon monoxide, particulate matter and other toxic and hazardous substances resulting from Defendants' operations at the Detroit Refinery.

**ANSWER**:  Defendants admit that Marathon Petroleum Company LP operates the Refinery and that there are emissions released from the Refinery.  Defendants deny as untrue that any emissions, odors, noise, vapors and fumes released from the Refinery are unlawful, unreasonable or wrongful.  Defendants deny as untrue that Plaintiffs suffered any damages that were caused by Defendants and/or for which

Defendants may be held liable.  Defendants deny as untrue that Marathon Oil Corporation and/or Marathon Petroleum Corporation operate the Detroit Refinery. Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

5.     The Refinery Contaminants have been and continue to be a source of hazardous substance emissions into, onto, within and surrounding properties and persons in the Class Area. The waste contains, and has continuously released into the Class Area, a variety of hazardous substances.

**ANSWER**: Defendants deny as untrue that any emissions released from the Refinery are "contaminants," unlawful or wrongful.  Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

6.     The ongoing release of Refinery Contaminants resulting from Defendants' continuing and ongoing operations at the Detroit Refinery, as well as noise, odors, vapors and fumes, has impacted plaintiffs' and the Class Members'

properties, is a blight on plaintiffs' and the Class Members' community and deprives plaintiffs and the Class Members of their free use and enjoyment of their property.

**ANSWER**: Denied as untrue.


7.     The Class Area is deemed nonattainment for air emissions and Defendants' Detroit Refinery operations violate applicable rules, statutes, laws and codes and exceed the permissible level of airborne emissions of certain refinery Contaminants.

**ANSWER**: Defendants deny as untrue that the Refinery violates applicable rules, statutes, laws and codes and exceed permissible levels of airborne emissions. Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.


8.     The gravity of the harm to plaintiffs and the Classes through exposure to Refinery Contaminants and hazardous substances, unreasonable odors, noise, vapors and fumes from Defendants' operations at their Detroit Refinery outweighs

the utility of defendants' Detroit Refinery operations and its expansions and increased emissions.

**ANSWER**:  Denied as untrue.

9.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The amount in controversy exceeds $5,000,000; the Class comprises at least 100 plaintiffs, and at least one member of the putative Class of plaintiffs is a citizen of a state different from a defendant.

**ANSWER**: Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

10.    Venue is appropriate in the Eastern District of Michigan because the acts which give rise to this Complaint occurred and continue within the District.

**ANSWER**: Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

11.   Plaintiffs own or owned residential properties in southwest Detroit, within the parameters of the Class Area set forth below.

**ANSWER**: Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.


12   Plaintiff Gregory Cole is a resident of southwest Detroit, Michigan. Plaintiff Gregory Cole owns residential property located within the Class Area at 1065 Liebold Street Detroit, Michigan. As a result of Defendants' continuing and ongoing acts or omissions, Refinery Contaminants and other hazardous substances have entered into and onto his property, have contaminated his property, air, land, dwelling and surrounding environment, thereby causing Gregory Cole to suffer damage to his property and personal finance, loss of the use and enjoyment of his property, significant annoyance and inconvenience, and destruction of his community.

**ANSWER**: Defendants deny as untrue that emissions, odors, noise, vapors and/or fumes, if any, released from the Refinery are unlawful, unreasonable or wrongful. Defendants deny as untrue that Plaintiffs suffered any damages that were caused by Defendants and/or for which Defendants may be held liable.   Defendants

neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

13.   Plaintiff Annie Shields is a resident of southwest Detroit, Michigan. Plaintiff Annie Shields owns residential property located within the Class Area at 1079 Liebold Street Detroit, Michigan. As a result of Defendants' continuing and ongoing acts or omissions, Refinery Contaminants and other hazardous substances have entered into and onto her property, have contaminated her property, air, land, dwelling and surrounding environment, thereby causing Annie Shields to suffer damage to her property and personal finance, loss of the use and enjoyment of her property, significant annoyance and inconvenience, and destruction of her community.

**ANSWER**: Defendants deny as untrue that emissions, odors, noise, vapors and/or fumes, if any, released from the Refinery are unlawful, unreasonable, or wrongful. Defendants deny as untrue that Plaintiffs suffered any damages that were caused by Defendants and/or for which Defendants may be held liable.   Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to

form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

14.    As a result of Defendants' acts and/or omissions, Gregory Cole has been subjected to noise, odors, vapors and fumes on his property and surrounding environment, thereby causing Gregory Cole to suffer damage to his property and personal finance, loss of the use and enjoyment of his property; significant annoyance and inconvenience; and destruction of his community. As a result of Defendants' acts and/or omissions, Refinery Contaminants, noise, odors, vapors and fumes have unreasonably interfered with Gregory Cole's exclusive use and enjoyment of his property causing significant harm to Gregory Cole.

**ANSWER**: Denied as untrue.

15.    As a result of Defendants' acts and/or omissions, Annie Shields has been subjected to noise, odors, vapors and fumes on her property and surrounding environment, thereby causing Annie Shields to suffer damage to her property and personal finance, loss of the use and enjoyment of her property; significant annoyance and inconvenience; and destruction of her community. As a result of Defendants' acts and/or omissions, Refinery Contaminants, noise, odors, vapors

and fumes have unreasonably interfered with Annie Shield's exclusive use and enjoyment of her property causing significant harm to Annie Shields.

**ANSWER**:  Denied as untrue.


16.    Defendant Marathon Oil Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 5555 San Felipe Street, Houston, Texas, 77056.

**ANSWER**:  Admitted.


17.    Defendant Marathon Petroleum Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 539 South Main Street, Findlay, Ohio, 45840.

**ANSWER**:  Admitted.


18.    Marathon Petroleum Company, LP Corporation (sic) is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 539 South Main Street, Findlay, Ohio, 45840.

**ANSWER**:  Defendants deny as untrue that Marathon Petroleum Company LP is a corporation organized under the laws of the State of Delaware.  Defendants admit

that Marathon Petroleum Company LP's principal place of business is located at 539 South Main Street, Findlay, Ohio, 45840.

19.   Through their wrongful acts and omissions, including the emission, release, discharge and failure to properly control, curb, contain and remediate Refinery Contaminants, noise, odors, vapors and fumes at and emanating from their Detroit Refinery, Defendants have caused, and continue to cause, Refinery Contaminants, noise, odors, vapors and fumes to enter onto plaintiffs' and the Class Members' properties, have contaminated their property, air, land, dwelling and surrounding environment, and thereby caused plaintiffs and the Class Members to suffer damage to their property and personal finance, loss of the use and enjoyment of their property and destruction of their community. As a result of Defendants' continuous and ongoing acts and omissions, Refinery Contaminants, noise, odors, vapors and fumes have unreasonably interfered with plaintiffs' and the Class Members' exclusive use and enjoyment of their property, causing significant harm to plaintiffs and the Class Members.

**ANSWER**: Denied as untrue.

20.   Defendants have failed, and continue to fail, to prevent the Refinery Contaminants, noise, odors, vapors and fumes which were created, emitted,

released and discharged from their Detroit Refinery, from being used in a manner that resulted in harm, or threatened harm, to the health, safety, and welfare of Plaintiffs as well as Plaintiffs' use and enjoyment of their properties.

**ANSWER**: Denied as untrue.

21.    Plaintiffs Cole and Shields, Class Members, and their properties have been, and continue to be, exposed to Refinery Contaminants, hazardous substances, noise, odors, vapors and fumes released as a result of Defendants' ongoing and continuing conduct in operating their Detroit Refinery.

**ANSWER**: Denied as untrue.

22.    Defendants' Detroit Refinery operations include crude distillation, catalytic cracking, hydrotreating, reforming, alkylation, sulfur recovery and coking to produce gasoline, distillates, asphalt, fuel-grade coke, chemical-grade propylene, propane, slurry and sulfur.

**ANSWER**: Defendants admit that Marathon Petroleum Company LP's Refinery operations include crude distillation, catalytic cracking, hydrotreating, reforming, alkylation, sulfur recovery and coking and that the Refinery's products include gasoline, distillates, asphalt, fuel-grade coke, chemical-grade propylene, propane,

slurry and sulfur.  Defendants deny as untrue that Marathon Oil Corporation and/or Marathon Petroleum Corporation operate the Refinery.

23.    Defendants' Detroit Refinery processes rely, in part, on tar sands, which are considered among the dirtiest fuel sources. Tar sands (also referred to as oil sands) are a combination of clay, sand, water, and bitumen, a heavy black viscous oil.

**ANSWER**: Defendants deny as untrue that Marathon Oil Corporation and/or Marathon Petroleum Corporation operate the Refinery and/or have "processes" at the Refinery.  Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

24.    Defendants' Detroit Refinery operations result in the generation, creation, release, emission and discharge of Refinery Contaminants, hazardous substances, noise, odors, vapors, soot, dirt and fumes.

**ANSWER**: Defendants admit that Marathon Petroleum Company LP operates the Refinery and that there are emissions released from the Refinery.  Defendants deny as untrue that any emissions, odors, noise, vapors and fumes released from the

Refinery are unlawful, unreasonable or wrongful. Defendants deny as untrue that Marathon Oil Corporation and/or Marathon Petroleum Corporation operate the Refinery. Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

25. These Refinery Contaminants, wastes, hazardous substances, noise, odors, vapors, soot and fumes became airborne or otherwise scattered and travel through the air, environment and subsurface so that persons and properties in the Class Area, as set forth below, were and are exposed to hazardous materials, Refinery Contaminants, wastes, hazardous substances, noise, odors, vapors, soot and fumes.

**ANSWER**: Defendants admit that Marathon Petroleum Company LP operates the Refinery and that there are emissions released from the Refinery. Defendants deny as untrue that any emissions, odors, noise, vapors and fumes released from the Refinery are unlawful, unreasonable or wrongful. Defendants deny as untrue that Plaintiffs suffered any damages that were caused by Defendants and/or for which Defendants may be held liable. Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want

of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

26.   Plaintiffs, the Class Members and their properties have been contaminated with toxic and hazardous substances released from Defendants' Detroit Refinery.

**ANSWER**:  Denied as untrue.

27.   The waste materials have been and continue to be a source of hazardous substance emissions onto, within and surrounding properties and persons in the Class Area. The waste contains and has continuously released into the Class Area a variety of toxic, hazardous and carcinogenic substances.

**ANSWER**:  Denied as untrue.

28.   Wind, erosion, waterborne and other airborne releases of the Refinery Contaminants, wastes, vapors, soot, dirt and fumes have caused these sometimes hidden hazardous substances to spread within the Class Area. The hazardous substances were and are transported by wind, water and other natural and human processes onto and into plaintiffs' and the Class Members' homes, property and persons.

**ANSWER**:  Denied as untrue.

29.    Plaintiffs and the Class Members seek redress and damages for economic losses, such as loss of property value and the interference with the use and enjoyment of their property; compensatory damages; the cessation of all releases of Refinery Contaminants into the Class Area; noise abatement; odor abatement; the prompt testing, identification, excavation and removal of all Refinery Contaminants from plaintiffs' and the Class Members' properties; punitive damages; interest; costs of suit and other damages as the result of the carelessness, recklessness, negligence and willful and wanton violation of law by the Defendants.

**ANSWER**: The allegations contained within this paragraph appear to state a request for relief to which no response is required.  To the extent the Court requires a response, Defendants deny as untrue that they engaged in carelessness, recklessness, negligent and/or willful and wanton violation of law.  Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants specifically deny as untrue that Plaintiffs are entitled to the relief that they are seeking or any other relief.

30.    Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to Refinery Contaminants and wastes, handled, stored, generated, processed, released, discharged and emitted Refinery Contaminants, wastes, wastewaters, particulate matter, vapors, dust, soot and fumes throughout the Class Area, while failing to warn residents of the dangers such activities posed.

**ANSWER**:  Denied as untrue.

31.    Defendants, despite their knowledge of the serious health and environmental effects associated with Refinery Contaminants, and despite their knowledge of the impacts of Refinery Contaminants, wastes, noise, odors, vapors, soot, dust and fumes from their Detroit Refinery on plaintiffs and the Class Members, failed to abate the release, discharge and emission of Refinery Contaminants, wastes, wastewaters, noise, odors, vapors, soot, dust and fumes.

**ANSWER**:  Denied as untrue.

32.    The exposures, pollution, noise, odors and disturbance caused by defendants' Detroit refinery operations is a blight on the community, deprives plaintiffs of the use and enjoyment of their properties and exposes plaintiffs to

toxic and hazardous substances. The gravity of the harm to plaintiffs and the Classes through exposure to Refinery Contaminants and hazardous substances, unreasonable odors, noise, vapors and fumes from Defendants' operations at their Detroit Refinery outweighs the utility of defendants' Detroit Refinery operations.

**ANSWER**: Denied as untrue.

33.    This Class Action is being filed by the Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and others similarly situated.

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants specifically deny as untrue that a class action is appropriate in this case.

34.    Plaintiffs seek to certify the following class, defined as:

All persons who, as of February 4, 2016, own or owned any real property identified as Residential Property located within the area identified on the attached map. The Class Area is generally bounded by Edsel Street and South Patricia Street to the West; Pleasant Street to the North; Bassett Street to the East and Schaefer Highway to the South. The Class includes properties located on both sides of the boundary streets contained in the class definition.

**ANSWER**: Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants specifically deny as untrue that a class action is appropriate in this case.

35.   To the extent revealed by discovery and investigation, there may be additional appropriate classes and/or subclasses from the above class definitions which are broader and/or narrower in time or scope of exposure.

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants specifically deny as untrue that a class action is appropriate in this case.

36.   Excluded from the class are Defendants' officers, directors, agents, employees and members of their immediate families; and the judicial officers to

whom this case is assigned, their staff, and the members of their immediate families.

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants specifically deny as untrue that a class action is appropriate in this case.

37.    Excluded from the class are any local, state, or federal government entities.

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants specifically deny as untrue that a class action is appropriate in this case.

38.    Members of the Class and/or their property have been exposed to and continue to be exposed to toxic and hazardous substances, Refinery Contaminants, wastes, noise, odors, vapors, soot, dust and fumes released from Defendants' Detroit Refinery.

**ANSWER**: Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants deny as untrue that any emissions, odors, noise, vapors and fumes released from the Detroit Refinery are unlawful, unreasonable or wrongful.  Defendants further deny as untrue that a class action is appropriate in this case.

39.    This Court may maintain these claims as a Class Action pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4).

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, Defendants deny as untrue that a class action is appropriate in this case and deny the remaining allegations as untrue.

40.    Numerosity – Fed. R. Civ. P. 23(a)(1): The members of the Class are so numerous that joinder of all members is impractical.

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, denied as untrue.


41.    The number of properties located within the Class Area exceeds 100, and, therefore, the number of members of the Class likely also exceeds 100 people, in satisfaction of Fed. R. Civ. P. 23 (a)(1).

**ANSWER**:  Defendants deny as untrue that a class action is appropriate under Fed. R. Civ. P. 23(a)(1).  Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.


42.    Commonality – Fed. R. Civ. P. 23(a)(2): There are common questions of law and fact that affect the rights of every member of the Class, and the types of relief sought are common to every member of the Class. The same conduct by Defendants has injured or will injure every member of the Class. Common questions of law and/or fact common to the Class include, but are not limited to:

a.     Whether Defendants, through their acts or omissions, proximately caused Refinery Contaminants to be deposited in the Class Area;

b.     Whether Defendants, through their acts or omissions, proximately caused fumes, vapors, odors, dust and soot to be released into the Class Area;

c.     Whether Defendants were negligent in their emission, release, discharge and/or failure to remediate or otherwise abate Refinery Contaminants, fumes, vapors, odors, dust and soot;

d.     Whether Defendants' release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot onto plaintiffs' and Class Members' properties, or their failure to remove or abate Refinery Contaminants, fumes, vapors, odors, dust and soot from plaintiffs' and Class Members' properties constitutes a private nuisance;

e.     Whether Defendants' release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot onto plaintiffs' and Class Members' properties, or their failure to remove or abate Refinery Contaminants from plaintiffs' and Class Members' properties constitutes a trespass;

f.     Whether Defendants proximately caused Refinery Contaminants, fumes, vapors, odors, dust and soot to be released, emitted or discharged into the environment, where plaintiffs' and Class Members' properties have been exposed to such releases;

g.     Whether Defendants violated applicable standards concerning production, handling, storing, transporting, using, disposing and/or failure to properly control the release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot.

**ANSWER**: The allegations in this paragraph of Plaintiffs' Amended Complaint, including but not limited to subparagraphs (a) through (g), are denied as untrue.

43.    These questions of law and/or fact are common to the Class predominate over any questions affecting only individual Class Members in satisfaction of Fed. R. Civ .P. 23 (b)(3).

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, denied as untrue.

44.    Typicality – Fed. R. Civ .P. 23 (a)(3): Plaintiff Cole's and Shields' claims are typical of the claims of the Class they seeks to represent, as required by Fed. R. Civ. P. 23(a)(3), in that all claims are based upon the same factual and legal theories and the same course of conduct by Defendants. It is the same conduct by Defendants that has injured every member of the Class. The principal issue in this matter involves Defendants' conduct in wrongfully emitting, releasing, discharging, handling, storing, transporting, processing, disposing, and/or failing to remediate or abate Refinery Contaminants, fumes, vapors, odors, dust and soot at and emanating from their Detroit refinery, which impacts all Members of the Class.

**ANSWER**:  Denied as untrue.

45.     Adequacy – Fed. R. Civ. P. 23(a)(4): Plaintiffs Cole and Shields will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Plaintiffs have retained counsel with substantial experience in the prosecution of environmental class actions and complex environmental litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and they have the financial resources to do so. Neither these Plaintiffs nor counsel has any interest adverse to those of the Class.

**ANSWER**: Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.  Defendants deny as untrue that a class action is appropriate in this case.

46.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the Class would, as a practical matter, be

dispositive of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

**ANSWER**: Denied as untrue.


47.   Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all Members of the Class, thereby making relief in the form of an injunction requiring Defendants to abate the nuisance and for the prompt investigation, testing, excavation and removal of all Refinery Contaminants, from the properties of plaintiffs and the Members of the Class and the abatement of all odors, fumes, vapors, dust and soot appropriate.

**ANSWER**: Denied as untrue.


48.   Plaintiffs and the Class Members have suffered, and will continue to suffer, harm and damages as a result of defendant's unlawful and wrongful conduct.

**ANSWER**: Denied as untrue.


49.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23 (b)(3). Absent a

class action, most members of the Class likely would find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law. The Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**ANSWER**: Denied as untrue.

50.    Class certification is also appropriate because this Court can designate particular claims or issues for class-wide treatment and may designate one or more subclasses pursuant to Fed. R. Civ. P. 23(c)(4).

**ANSWER**: The allegations contained within this paragraph state a legal conclusion to which no response is required.  To the extent the Court requires a response, denied as untrue.

51.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each Member of the Class who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

adjudications, while a single class action can determine, with judicial economy, the rights of all Members of the Class.

**ANSWER**:  Denied as untrue.

52. No unusual difficulties are likely to be encountered in the management of this action as a class action.

**ANSWER**: Defendants neither admit nor deny the allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.   Defendants deny as untrue that a class action is appropriate in this case.

53. Neither Plaintiffs nor the Class Members were in any way responsible for the release, emission or discharge of Refinery Contaminants, fumes, vapors, odors, dust and soot from Defendants' Detroit Refinery.

**ANSWER**: Defendants deny as untrue that emissions, odors, noise, vapors and/or fumes, if any, released from the Refinery are unlawful, unreasonable, or wrongful. Defendants neither admit nor deny the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint for want of sufficient knowledge or

information to form a belief as to the truth of the matters asserted, leaving Plaintiffs to their proofs.

## Count I
## Private Nuisance

54.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as if set forth in full herein.

**ANSWER**: Defendants repeat and re-allege their response to each and every allegation contained in the preceding paragraphs of the Amended Complaint as if set forth in full herein.

55.    Defendants' past, present and/or continuing and ongoing acts and/or omissions constitute a continuing private nuisance in that Defendants used and/or continue to use their property in a manner that has resulted in an unreasonable impact and burden on plaintiffs and the Class Members in the form of significant personal harm, inconvenience, serious annoyance, discomfort, and fear of adverse health effects incidental to Defendants' Detroit Refinery operations, associated noise, dust, dirt, soot, odors, fumes, vapors and the emission, discharge and release of Refinery Contaminants.

**ANSWER**:  Denied as untrue.

56.    Defendants' past, present and/or continuing activities, acts and/or omissions at their Detroit Refinery constitute a continuing private nuisance resulting in interference with the Class Members' right to the exclusive use and enjoyment of their properties through the invasion of hazardous and toxic substances contaminating their properties and the surrounding environment, thereby exposing Class Members to hazardous and toxic substances and substantially interfering with Class Members' free use and enjoyment of their properties.

**ANSWER**:  Denied as untrue.

57.    Defendants' conduct in operating its Detroit Refinery and releasing Refinery Contaminants and exposing plaintiffs and the Class Members to the hazardous and toxic substances and subjecting them to noise, dust, dirt, soot, odors, fumes and vapors is intentional and unreasonable.

**ANSWER**:  Denied as untrue.

58.    The hazardous and toxic substances, Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors continue to contaminate plaintiffs' and the Class Members' properties and the surrounding environment, thereby exposing

plaintiffs and the Class Members to the hazardous and toxic substances and subjecting them to odors and noise.

**ANSWER**: Denied as untrue.

59.   Defendants' past, present and/or continuing acts and/or omissions, resulting in the depositing into, onto, and around and/or failure to remove or properly dispose of refinery Contaminants and allowing Refinery Contaminants to remain on, Class Members' properties, surrounding environment and community constitutes a private nuisance in that Defendants have used their property in a manner that has unreasonably interfered with Class Members' property interests, health and safety.

**ANSWER**: Denied as untrue.

60.   This interference with plaintiffs' and the Class Members' use and enjoyment of their property has and continues to result in a significant harm.

**ANSWER**: Denied as untrue.

61.   As a result of Defendants' acts and omissions, plaintiffs and the Class Members have suffered exposure to Refinery Contaminants, hazardous substances,

noise, odors, vapors, fumes, dirt, soot, dust, annoyance, displacement, and economic loss for which damages are justified.

**ANSWER**:  Denied as untrue.


62.    As a direct and proximate result of Defendants' misconduct as set forth herein, plaintiffs and Class Members have suffered and continue to suffer economic losses, such as the loss of value to their property; loss of use and enjoyment of their property; significant annoyance and inconvenience; the destruction of their community and other damages.

**ANSWER**:  Denied as untrue.


63.    The private nuisance that Defendants created is a continuing nuisance in that it has continued and remains unabated.

**ANSWER**:  Denied as untrue.


64. Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to Refinery Contaminants, hazardous substances, noise, odors, vapors, fumes, dirt, soot and dust and despite orders and warnings from health and environmental regulators and members of the community, masked the true extent of the contamination, thereby enabling the

Defendants to avoid taking all appropriate steps to eliminate, reduce and properly remediate Refinery Contaminants, hazardous substances, noise, odors, vapors, fumes, dirt, soot and dust released into the Class Area or to mitigate dangers created by their release, discharge and emission.

**ANSWER**:  Denied as untrue.

65.    The gravity of the harm to plaintiffs and the Classes through exposure to Refinery Contaminants and hazardous substances, unreasonable odors, noise, vapors and fumes from Defendants' operations at their Detroit Refinery outweighs the utility of defendants' Detroit Refinery operations.

**ANSWER**:  Denied as untrue.

66.    In the alternative, Defendants' conduct in operating its Detroit Refinery and releasing Refinery Contaminants and exposing plaintiffs and the Class Members to the hazardous and toxic substances and subjecting them to noise, dust, dirt, soot, odors, fumes and vapors is unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct.

**ANSWER**:  Denied as untrue.

67.   Defendants, by releasing, emitting, discharging and dispersing Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors into the Class Area and by failing to properly remediate and allowing those contaminants and pollutants to remain in the environment, and/or concealing knowledge of same, have engaged in abnormally dangerous, ultrahazardous, and inherently or intrinsically dangerous activities for which they are strictly liable to the Class Members.

**ANSWER**: Denied as untrue.  By way of further answer, this Court has dismissed, with prejudice, Plaintiffs' claims of strict liability.

68.   Defendants' activities pose a high degree of risk of harm to the Class Members. The likelihood that the harm that results from the Defendants' activities will be great is based on the fact that Defendants' Refinery Contaminants contain sulfur dioxide, hydrogen sulfide, benzene, toluene, methyl ethyl ketone, volatile organic compounds, carbon monoxide, particulate matter and toxic and hazardous substances that have been linked to asthma, cancer, lung disease, nervous system harm, blindness and other serious illness; and that Defendants' activities continues to cause airborne pollution at levels higher than safe and healthy limits.

**ANSWER**: Denied as untrue.

69.     The risks posed by Defendants' release of Refinery Contaminants in a densely populated urban area cannot be eliminated by the exercise of reasonable care, and no safe way exists to release Refinery Contaminants into such a densely populated urban area in the manner Defendants are doing so. There is no safe way to emit, release and discharge Refinery Contaminants in the Class Area, which is located in a densely-populated urban area, given the capacity of Refinery Contaminants to cause asthma, cancer, lung disease, nervous system harm, blindness and other serious illness and adverse health effects in humans. The serious health and environmental risks posed by the Refinery Contaminants Defendants emitted, discharged, released and disposed of in such a densely populated urban area could not have been eliminated by the exercise of reasonable care on the part of Defendants.

**ANSWER**: Denied as untrue.


70.     Defendants'   emission,   release   and   discharge   of   Refinery Contaminants is neither a matter of common usage nor appropriate to the place where it is carried out. Defendants' failure to properly remediate Refinery Contaminants which they emitted, discharged, released and disposed of in the Class Area was neither a matter of common usage nor appropriate to the place where it was carried out.

**ANSWER**:  Denied as untrue.

71.    Separate and apart from acting negligently, at all relevant times Defendants caused injury and damages to plaintiffs and the Members of the Class, and/or their property, through acts and omissions actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

**ANSWER**:  Denied as untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiffs' request to certify a class, dismiss Plaintiffs' Amended Complaint with prejudice, enter a judgment of no cause of action, award interest, costs and reasonable attorneys' fees, and such other relief as this Honorable Court deems just and appropriate.

## Count II
## Strict Liability

72.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

**ANSWER**: Defendants repeat and re-allege their response to each and every allegation contained in the preceding paragraphs of the Amended Complaint as if set forth in full herein.

- 37 -

73.     Defendants, by releasing, emitting, discharging and dispersing Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors into the Class Area and by failing to properly remediate and allowing those contaminants and pollutants to remain in the environment, and/or concealing knowledge of same, have engaged in abnormally dangerous, ultrahazardous, and inherently or intrinsically dangerous activities for which they are strictly liable to the Class Members.

**ANSWER**: Defendants state that Plaintiffs' strict-liability claim has been dismissed with prejudice (*see* Dkt. #33-34) and therefore no response is required. To the extent a response is required, denied as untrue.

74.     Defendants' activities pose a high degree of risk of harm to the Class Members. The likelihood that the harm that results from the Defendants' activities will be great is based on the fact that Defendants' Refinery Contaminants contain sulfur dioxide, hydrogen sulfide, benzene, toluene, methyl ethyl ketone, volatile organic compounds, carbon monoxide, particulate matter and toxic and hazardous substances that have been linked to asthma, cancer, lung disease, nervous system harm, blindness and other serious illness; and that Defendants' activities continues to cause airborne pollution at levels higher than safe and healthy limits.

**ANSWER**: Defendants state that Plaintiffs' strict-liability claim has been dismissed with prejudice (*see* Dkt. #33-34) and therefore no response is required. To the extent a response is required, denied as untrue.

75.    The risks posed by Defendants' release of Refinery Contaminants in a densely populated urban area cannot be eliminated by the exercise of reasonable care, and no safe way exists to release Refinery Contaminants into such a densely populated urban area in the manner Defendants are doing so. There is no safe way to emit, release and discharge Refinery Contaminants in the Class Area, which is located in a densely-populated urban area, given the capacity of Refinery Contaminants to cause asthma, cancer, lung disease, nervous system harm, blindness and other serious illness and adverse health effects in humans. The serious health and environmental risks posed by the Refinery Contaminants Defendants emitted, discharged, released and disposed of in such a densely populated urban area could not have been eliminated by the exercise of reasonable care on the part of Defendants.

**ANSWER**: Defendants state that Plaintiffs' strict-liability claim has been dismissed with prejudice (*see* Dkt. #33-34) and therefore no response is required. To the extent a response is required, denied as untrue.

76.   Defendants'   emission,   release   and   discharge   of   Refinery
Contaminants is neither a matter of common usage nor appropriate to the place
where   it   is   carried   out.   Defendants'   failure   to   properly   remediate   Refinery
Contaminants which they emitted, discharged, released and disposed of in the
Class Area was neither a matter of common usage nor appropriate to the place
where it was carried out.

**ANSWER**: Defendants   state   that   Plaintiffs'   strict-liability   claim   has   been
dismissed with prejudice (*see* Dkt. #33-34) and therefore no response is required.
To the extent a response is required, denied as untrue.


77.   The disposal of dangerous toxic waste into the environment is a
critical societal problem in southwest Detroit, and thus, the value of such disposal
activities,   if   any,   is   substantially   outweighed   by   the   serious   health   and
environmental problems caused by them.

**ANSWER**: Defendants   state   that   Plaintiffs'   strict-liability   claim   has   been
dismissed with prejudice (*see* Dkt. #33-34) and therefore no response is required.
To the extent a response is required, denied as untrue.


78.   Separate and apart from acting negligently, at all relevant times
Defendants caused injury and damages to plaintiffs and the Members of the Class,

and/or their property, through acts and omissions actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

**ANSWER**: Defendants state that Plaintiffs' strict-liability claim has been dismissed with prejudice (*see* Dkt. #33-34) and therefore no response is required. To the extent a response is required, denied as untrue.


79.   As a direct and proximate result of Defendants' misconduct as set forth herein, plaintiffs and the Class Members have suffered and continue to suffer economic losses, such as the loss of value to their property; loss of use and enjoyment of their property; significant annoyance and inconvenience; the destruction of their community and other damages.

**ANSWER**: Defendants state that Plaintiffs' strict-liability claim has been dismissed with prejudice (*see* Dkt. #33-34) and therefore no response is required. To the extent a response is required, denied as untrue.


WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiffs' request to certify a class, dismiss Plaintiffs' Amended Complaint with prejudice, enter a judgment of no cause of action, award interest, costs and

reasonable attorneys' fees, and such other relief as this Honorable Court deems just and appropriate.

## Count III
## Negligence

80.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

**ANSWER**: Defendants repeat and re-allege their response to each and every allegation contained in the preceding paragraphs of the Amended Complaint as if set forth in full herein.

81.    Defendants owed a duty of care to plaintiffs and the Class Members in their emission, release and discharge of Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors in the Class Area.

**ANSWER**: The allegations contained within this paragraph state a legal conclusion.  Notwithstanding, Defendants deny as untrue that Defendants owed any duty to Plaintiffs and further deny as untrue that they failed to exercise any required duties they may have owed to Plaintiffs.

82.    Defendants breached this duty by emitting, releasing and discharging Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors in the Class

Area and by allowing such substances and noise to spread on, into, under and around Class Members' properties; failing to adequately control and contain such substances and noise; failing to adequately warn Class Members of the nature and extent of such substances and noise; failing to warn Class Members that such substances and noise would migrate onto Class Members' persons and/or properties and failing to properly remediate or abate Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors in the Class Area.

**ANSWER**: Denied as untrue.


83.   As a result of Defendants' acts and omissions, as aforesaid, extensive contamination consisting of Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors have been documented in the Class Area.

**ANSWER**: Denied as untrue.


84.   At all relevant times, Defendants knew or should have known that the hazardous and toxic substances, Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors would eventually enter plaintiffs' and Class Members' persons, properties, air, and surrounding environment.

**ANSWER**: Denied as untrue.

85.    Plaintiffs and the Class Members, and their properties, have been exposed to Refinery Contaminants, noise, odors, vapors and fumes, and other hazardous materials due to Defendants' negligence in the operation of their Detroit Refinery and their wrongful emission, release, and discharge and/or failure to properly remediate hazardous substances.

**ANSWER**: Denied as untrue.

86.    At all relevant times, Defendants failed to safely and properly remove, dispose and abate the aforementioned Refinery Contaminants, noise, dust, dirt, soot, odors, fumes and vapors and failed to advise or warn plaintiffs and Class Members of the dangers associated with same.

**ANSWER**: Denied as untrue.

87.    Defendants failed to use reasonable care to safeguard those residing in the Class Area and the surrounding environment from injury, significant annoyance, inconvenience or property damage.

**ANSWER**: Denied as untrue.

88.    Separate and apart from acting negligently, at all relevant times Defendants caused injury and damages to plaintiffs and the Members of the Class,

and/or their property, through acts and omissions actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

**ANSWER**:  Denied as untrue.

89.    As a direct and proximate result of Defendants' misconduct as set forth herein, plaintiffs and Class Members have suffered and continue to suffer economic losses, such as the loss of value to their property; loss of use and enjoyment of their property; significant annoyance and inconvenience; the destruction of their community and other damages.

**ANSWER**:  Denied as untrue.

Defendants further deny as untrue all other allegations not previously admitted or denied or admitted heretofore, and categorically deny that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiffs' request to certify a class, dismiss Plaintiffs' Amended Complaint with prejudice, enter a judgment of no cause of action, award interest, costs and

reasonable attorneys' fees, and such other relief as this Honorable Court deems just

and appropriate.

Respectfully submitted,

By: s/Amy M. Johnston
Amy M. Johnston (P51272)
Michael C. Simoni (P70042)
Miller, Canfield, Paddock and Stone, PLC
150 W. Jefferson Ave., Suite 2500
Detroit, MI  48226
(313) 963-6420
johnston@millercanfield.com
simoni@millercanfield.com
*Attorneys for Defendants*

Dated: February 13, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY COLE and ANNIE
SHIELDS, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

v.                            Case No.  2:16-cv-10642

MARATHON OIL CORPORATION,     Hon.  Sean F. Cox
MARATHON PETROLEUM
CORPORATION and MARATHON
PETROLEUM COMPANY LP,

      Defendants.

---

### **DEFENDANTS' SPECIAL AND/OR AFFIRMATIVE DEFENSES**

NOW COME the Defendants, Marathon Oil Corporation, Marathon Petroleum Corporation, and Marathon Petroleum Company LP (collectively referred to as "Defendants"), by and through their attorneys, Miller, Canfield, Paddock and Stone, P.L.C., and state that they have not had the opportunity to conduct a full investigation and discovery as to the matters set forth in Plaintiffs' Amended Complaint, and will rely on the following Special and/or Affirmative Defenses as may prove applicable after discovery and/or at trial:

1.     Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint has failed to state a claim upon which relief can be granted.

2.     The allegations of Plaintiffs' Amended Complaint fail to assert a cognizable cause of action against Defendants.

3.     Plaintiffs have failed to plead, and discovery and/or investigation will reveal that Plaintiffs cannot prove any alleged damages.

4.     Discovery and/or investigation may reveal that all or some of Plaintiffs' claims are barred, in whole or in part, by payment, accord, satisfaction, discharge, waiver and/or estoppel.

5.     Plaintiffs' claims are barred by the terms of releases signed by each named Plaintiff in *Caines v. Marathon Oil Company*, No. 99-940648-NZ (Wayne County Cir. Ct.).

6.     Discovery and/or investigation may reveal that all or some of Plaintiffs' claims are barred, in whole or in part, by release, including but not limited to the releases in *Caines v. Marathon Oil Company*, No. 99-940648-NZ (Wayne County Cir. Ct.), *Landrum v. Marathon Oil Company*, No. 01-115849-NZ (Wayne County Cir. Ct.), and *Corby v. Marathon Ashland Petroleum Company*, No. 03-327204-NZ (Wayne County Cir. Ct.),

7.      Discovery and/or investigation may reveal that any alleged damages, if any, were proximately caused by Plaintiffs' own conduct and/or the conduct of others.

8.      Discovery and/or investigation may reveal that Plaintiffs' claims are barred from recovery due to bad faith of Plaintiffs and others.

9.      Discovery and/or investigation may reveal that Plaintiffs are equitably estopped from recovery.

10.     Defendants at all times acted with due care, in good faith and a reasonable manner, consistent with the requirements of the law.

11.     Defendants are entitled to a set-off for the amounts due and owing to it by the wrongful acts of Plaintiffs.

12.     Plaintiffs' claims fail for want of breach.

13.     Plaintiffs' claims are barred due to the absence of any unreasonably dangerous activity.

14.     Plaintiffs' claims are barred as Plaintiffs lack clean hands and/or because any damages as alleged herein were caused by Plaintiffs' own conduct.

15.     Discovery and/or investigation may reveal that Plaintiffs failed to mitigate their damages, if any.

16.     Discovery and/or investigation may reveal that Plaintiffs acted in willful and wanton disregard of any danger.

17.     Plaintiffs' claims are, in whole or in part, fraudulent or so excessive that they have no reasonable foundation, entitling Defendants to an award representing costs and attorneys' fees incurred in defending this action.

18.     Plaintiffs' Amended Complaint is not proper for class certification.

19.     Plaintiffs' allegations fail to meet the legal and factual prerequisites for obtaining class certification in that:

(1)     The alleged class is not so numerous that joinder of all members is impracticable;

(2)     there are not questions of law or fact common to the members of the alleged class that predominate over questions affecting only individual members;

(3)     the claims or defenses of the Plaintiffs are not typical of the claims or defenses of the alleged class;

(4)     the Plaintiffs will not fairly and adequately assert and protect the interests of the class;

(5)     the maintenance of this action as a class action will not be superior to other available methods of adjudication in promoting the convenient administration of justice because:

(i)     Prosecution of separate actions by individual members of the alleged class will not create a risk of inconsistent or varying

adjudications with respect to the individual members of the alleged class that would confront the Defendant with incompatible standards of conduct;

(ii)     prosecution of separate actions by individual members of the alleged class will not create a risk of adjudications with respect to the individual members of the alleged class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications nor substantially impair nor impede their ability to protect their interests;

(iii)    final equitable or declaratory relief is not appropriate with respect to the alleged class;

(iv)    this action will not be manageable as a class action;

(v)     in view of the complexity of the issues or the expense of litigation the separate claims of individual alleged class members are not sufficient in amount to support a class action;

(vi)    it is not probable that the amount which may be recovered by individual alleged class members will be large enough in relation to the expense and effort of administering the action;

(vii)   members of the alleged class have a significant interest in controlling the prosecution and defense of separate actions.

20.   Plaintiffs' claim for nuisance against Defendants is barred because Plaintiffs have not pleaded a cause of action and/or cannot establish the requisite proof in support of a cause of action for nuisance.

21.   Plaintiffs' claim for nuisance against Defendants is barred because the alleged activities of Defendants do not constitute a substantial and/or unreasonable interference with Plaintiffs' private use and enjoyment of land.

22.   Plaintiffs' claim for nuisance against Defendants is barred because the alleged activities of Defendants do not constitute an actionable nuisance under Michigan law.

23.   Plaintiffs' claim for nuisance against Defendants is barred because the alleged activities of Defendants did not violate any state or local statute, ordinance or administrative regulation.

24.   Plaintiffs' claim for nuisance is barred because, to the extent Plaintiffs can prove a nuisance may have existed, Plaintiffs came to the alleged nuisance and/or the purported nuisance was caused by third parties, not Defendants.

25.   Plaintiffs' claims against Marathon Oil Corporation and Marathon Petroleum Corporation fail because Marathon Oil Corporation and Marathon Petroleum Corporation do not own, control, or operate the Refinery.

26.   Plaintiffs' claims are barred by the applicable statutes of limitations.

27.   Plaintiffs' claim for strict liability is barred because there is no separate cause of action for strict liability under Michigan law.

28.   Plaintiffs' claim for negligence is barred for lack of a present injury to property.

29.   Plaintiffs' claim for negligence is barred for lack of present personal injuries.

Defendants reserve the right to plead and prove any and all other Affirmative Defenses as they become known upon future discovery.

Respectfully submitted,

By: s/Amy M. Johnston
Amy M. Johnston (P51272)
Michael C. Simoni (P70042)
Miller, Canfield, Paddock and Stone, PLC
150 W. Jefferson Ave., Suite 2500
Detroit, MI  48226
(313) 963-6420
johnston@millercanfield.com
simoni@millercanfield.com
*Attorneys for Defendants*

Dated: February 13, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2018, I electronically filed and served the foregoing document, this Certificate of Service on counsel for Plaintiffs and the Clerk of the Court using the ECF system.

/s/ Amy M. Johnston
Amy M. Johnston (P51272)
Michael C. Simoni (P70042)
150 W. Jefferson Ave., Suite 2500
Detroit, MI  48226
(313) 963-6420
johnston@millercanfield.com
simoni@millercanfield.com
*Attorneys for Defendants*

30707087.3\128706-00102

- 54 -